NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                      )
MABLE ADAMS,                          )
                                      )
            Plaintiff,                )
                                      )
v.                                    )    Civil Action No. 09-6030 (GEB)
                                      )
JOHNSON & JOHNSON COMPANY, et al.,    )    **MEMORANDUM OPINION**
                                      )
                                      )
            Defendants.               )
_____)

**BROWN, Chief Judge**

    This matter comes before the Court upon an order to show cause filed by this Court on December 3, 2009. (Doc. No. 2.) The Court has reviewed Plaintiff's submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will dismiss this matter without prejudice.

**I.    BACKGROUND**

    Plaintiff maintains a lawsuit in the Superior Court of New Jersey, Middlesex County that consists of more than 2,000 separate actions against Johnson & Johnson Co. and Janssen Pharmaceutica Products ("Janssen") (collectively "Defendants") (Pl.'s Mot. Compel 1; Doc No. 1.) The actions are centralized as a mass tort proceeding that concerns the antipsychotic drug Risperdal. (*Id.*) Plaintiff alleges that Risperdal causes injuries including diabetes, tardive

1

dyskinesia, and gynecomastia. (*Id.*) Plaintiff further alleges that these injuries could have been avoided if the Defendants had provided adequate information concerning the risks of Risperdal. (*Id.* at 1–2.)

In connection with the state action, Plaintiff seeks to depose Dr. George Garibaldi (a/k/a Georges Gharabawi) who was hired in 2001 by Janssen to facilitate product development and promotional campaigns for Risperdal. (*Id.* at 2.) Plaintiff states that Dr. Garibaldi worked extensively on the clinical trials and communications with the Food and Drug Administration concerning the drug. (*Id.* at 3.) Therefore, Plaintiff suggests, Dr. Garibaldi has unique and important knowledge or information concerning Risperdal. (*Id.*)

Dr. Garibaldi is now employed by Hoffman-LaRoche ("HLR"). (*Id.* at 1.) Plaintiff has served Janssen with two notices of deposition, in August and October of 2008. (*Id.* at 4.) However, Jassen advised Plaintiff in April 2009 that HLR would not voluntarily produce Dr. Garibaldi for deposition. (*Id.*) Thereafter, in July of 2009, Plaintiff attempted to serve a notice of videotaped oral deposition and subpoena *duces tetum* at Dr. Garibaldi's known residence in Cliffside Park, New Jersey. Since that time, Plaintiff has uncovered four pseudonyms and three United States addresses for Dr. Garibaldi and has made a total of sixteen attempts to serve a deposition subpoena. (*Id.* at 4–5.) It is unclear whether Dr. Garibaldi resides in Basel, Switzerland, as Defendants suggest, or whether he still resides in the United States. (*Id.* at 5.)

In light of the forgoing, Plaintiff has requested that this Court issue a subpoena pursuant to 28 U.S.C. § 1783 to require non-party witness Dr. Garibaldi to appear for a deposition. Further, pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests that the Court permit the service of the deposition subpoena by the alternative means of international express

mail or service on his United States counsel. (*Id.* at 6.) In response to Plaintiff's request, on December 3, 2009, the Court issued an order to show cause why the Court should not dismiss the motion to compel for failure to comply with Federal Rule of Civil Procedure 3 and for lack of jurisdiction. (Doc. No. 2.) On December 21, 2009, Plaintiff filed a written response to the order to show cause. (Doc. No. 8.)

## II.   DISCUSSION

Federal Rule of Civil Procedure 43(c) governs service in a foreign country. FED. R. CIV. P. 43(c). The rule provides that "28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country." *Id.* Section 1783 of Title 28 of the United States Code provides the following:

> A court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person or body designated by it, of a national or resident of the United States who is in a foreign country, or requiring the production of a specified document or other thing by him, if the court finds that particular testimony or the production of the document or other thing by him is necessary in the interest of justice, and, in other than a criminal action or proceeding, if the court finds, in addition, that it is not possible to obtain his testimony in admissible form without his personal appearance or to obtain the production of the document or other thing in any other manner.

28 U.S.C. § 1783(a) (2006).

However, a district court's subpoena power "cannot be more extensive than its jurisdiction." *United States Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988). While the language of § 1783(a) at first glance appears to allow for a broad subpoena

power, it cannot reach further than federal jurisdiction under Article III.[1] Courts are under a duty to examine their subject matter jurisdiction at all stages of the litigation. *Rose v. City of Allentown*, 211 Fed. Appx. 133, 138 (3d Cir. 2007). A federal court must have subject matter jurisdiction in order to hear a case. Subject matter jurisdiction in federal court falls within two categories of disputes potentially relevant here: (1) diversity cases pursuant to 28 U.S.C. § 1332, encompassing disputes between citizens of different states alleging an amount-in-controversy in excess of $75,000; and (2) federal question cases pursuant to 28 U.S.C. § 1331, encompassing those disputes "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; s*ee also Scioscia v. Target Corp.*, 2008 U.S. Dist. LEXIS 53508 (D.N.J. July 8, 2008).

      Here, no complaint was filed; rather, only a motion was filed. At no point in her submissions has Plaintiff stated the basis of the Court's subject matter jurisdiction over this case. The underlying claims, which are ongoing in state court, appear to be state tort claims; but no facts or underlying legal theories to support a claim arising under federal law are advanced by Plaintiff. Therefore, Plaintiff's submissions do not establish § 1331 jurisdiction on their face. Nor has Plaintiff stated that the citizenship of the parties is diverse. Therefore, Plaintiff's submissions also do not establish § 1332 jurisdiction on their face. Plaintiff merely suggests that her motion is pursuant to 28 U.S.C. § 1783. This statement is insufficient because "[t]he judicial subpoena power not only is subject to specific constitutional limitations . . . but also is subject to those limitations inherent in the body that issues them because of the provisions of the Judiciary

---

[1] In 1964, Congress altered the section to provide "[a] court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, *or before a person or body designated by it* . . . ." Pub.L. No. 88-619, § 10(a), 78 Stat. 995, 997 (1964) (codified as 28 U.S.C. § 1783) (emphasis added). Plaintiff argues that this additional language allows a federal court to issue a subpoena requiring a witness to appear before a state court.

Article of the Constitution." *United States v. Morton Salt Co.*, 338 U.S. 632, 642 (1950).

A court has yet to squarely address the issue of whether, pursuant to 28 U.S.C. § 1783, it may issue a subpoena for a U.S. citizen for a state civil proceeding.  The Supreme Court held in *Mancusi v. Stubbs* that the section, prior to the 1964 amendment, did not permit subpoena by a federal court for testimony in a state felony trial.  *Mancusi v. Stubbs*, 408 U.S. 204, 212 (1972).  The section interpreted by the Court in *Mancusi* stated that "[a] court of the United States may subpoena, for appearance before it, a citizen or resident of the United States . . . ." 28 U.S.C. § 1783 (1958).  The Court in *Mancusi* expressed no opinion as to the effect of the language added in 1964.  *Mancusi*, 408 U.S. 204, 212 n. 2 ("[W]e have no occasion to decide whether [the additional language] would afford assistance to state authorities").  The legislative history suggests the amendments were passed in order to facilitate proceedings in foreign jurisdictions, not state courts.  The Senate Report states that the purpose of the amendment is to "[authorize] the court to subpoena a citizen outside the United States who has failed to appear before a *foreign court*." S. REP. NO. 88-1580, 19 *reprinted in* 1964 U.S.C.C.A.N. 3782, 3790 (1964) (emphasis added). The language, "before a person or body designated by it," was added to permit the "issuance of a subpoena to be served in a foreign country in all criminal proceedings, including grand jury proceedings . . . ." *Id.* at 19.  Thus, the amended language does not appear to be so broad as Plaintiff suggests.

Plaintiff cites *Manocchio v. Moran*, where a plaintiff convicted of manslaughter asserted that his Sixth Amendment right to confrontation had been violated where the prosecution had not called the medical examiner to testify.  *Manocchi v. Moran*, 708 F. Supp. 473, 473 (D.R.I. 1989), *rev'd on other grounds*, 919 F.2d 770 (1st Cir. 1990).  There, the court suggested that the

prosecution could have invoked the provisions of 28 U.S.C. § 1783, "a statute which had been amended in 1964 to permit a State to obtain a subpoena from a Court of the United States of a national resident of the United States who is in a foreign country to appear before a state court criminal proceeding." *Id.* at 478. Again, however, the legislative history suggests that amendments to § 1783 were meant to allow federal courts to issue subpoenas for proceedings in foreign jurisdictions. Moreover, even if the provision allowed a state litigant to come to federal court to acquire such a subpoena, a federal court is simply without the power to do so unless it has subject matter jurisdiction. *See United States Catholic Conf.*, 487 U.S. at 76. Plaintiff has not stated grounds for either diversity or federal question jurisdiction and § 1783 does not independently provide for it. Thus, the Court does not have subject matter jurisdiction.

### III.   CONCLUSION

For the forgoing reasons, the Court will dismiss this matter without prejudice. An appropriate form of order accompanies this opinion.

Dated: April 9, 2010

   s/ Garrett E. Brown, Jr.  
GARRETT E. BROWN, JR., U.S.D.J.
